sUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| KENNETH J. RODMAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:14-cv-070-TWP-TAB |
| | ) | |
| MICHAEL R. KRIENHOP, Sheriff of Dearborn County, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting *In Forma Pauperis* Status, Discussing and Dismissing Complaint, and Directing Further Proceedings**

**I. *In Forma Pauperis***

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] is **granted.** The assessment of even a partial initial filing fee is not feasible at this time.

**II. Background**

Because plaintiff Kenneth J. Rodmaker was a "prisoner," a pretrial detainee, as defined by 28 U.S.C. ' 1915(h) at all times relevant to his complaint, the Court has screened his complaint as required by 28 U.S.C. ' 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

Rodmaker's claims are brought pursuant to 42 U.S.C. § 1983. He names the following defendants: 1) Sheriff Michael R. Kreinhop (misspelled "Micheal Krienhop" in the complaint), 2) Captain David Hall; 3) Lt. Guy Gramagalia; 4) Sgt. Stephen Creech; 5) Correctional Officer Jerry Kinnette; 6) Correctional Officer Kevin Daily; 7) Correctional Officer Douglas Kinnette; 8) Corp. John Winkler; 9) Corp. Josh Bauer; and 10) Corp. Jenny McAninch. The relief he seeks is

to be released on his own recognizance, "to be made whole again," and for his children to be returned to him.

### III. Screening

To satisfy the notice-pleading standard of Rule 8(a)(2) of the *Federal Rules of Civil Procedure*, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Such a statement must provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). Pro se complaints such as that filed by Rodmaker are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

*A. Claims*

Claim I - For his first claim, Rodmaker alleges that on April 28, he was incarcerated at the Dearborn County Law Enforcement Center (DCLEC) at 5:30 p.m. but was denied dinner. After his arraignment he was placed in a cell with a detoxing heroin addict who vomited on him. He was placed in a padded cell with 12 men.

Claim II – Rodmaker alleges he was arrested again on June 13, and bonded out June 16. He alleges he has high metabolism but was denied supplemental food. He also alleges he was denied a psychological evaluation.

Claim III – On June 21, he was arrested on a warrant issued on June 18. He was left in

"holding" in a single man cell on the floor with two other men until June 27, 2014. On June 27, he was moved from holding and placed in a disciplinary unit, back onto the floor.

Claim IV – On June 28, 2014, Rodmaker was moved to another cell. On July 6, Lt. Guy Garmagalia led two separate shakedowns with Officers Kevin Daily and Jenny McAninch. On July 7, Officers Daily and McAninch led a third shakedown. Rodmaker alleges he was not in possession of any contraband. Rodmaker filed a grievance against Officer Daily. On July 8, Officer Joshua Bauer moved Rodmaker to a different cell, onto the floor. At 3:00 p.m. Rodmaker visited with his father, and at 4:30 pm at dinner, Rodmaker was jumped by six inmates. Rodmaker was taken to the hospital with injuries.

A physician at Dearborn County Hospital emergency room ordered x-rays and a CAT scan, and prescribed pain medicine and antibiotics. Rodmaker was diagnosed with fractured vertebrae and a compressed disc. He also had multiple head traumas and facial lacerations, which required seven stitches to close. The physician ordered that Rodmaker be seen by a doctor at the DCLEC.

On July 9, Rodmaker was returned to the DCLEC and was given non-aspirin. He alleges that as of 9:30 p.m. on July 10, he had not been seen by a nurse or doctor, he was in severe pain, and had not received an antibiotic. He signed the complaint on July 10, 2014.

### B. Discussion

Because Rodmaker is a pretrial detainee, the Fourteenth Amendment's Due Process Clause is the source of his substantive rights and requires that he "*may not be punished* prior to an adjudication of guilt." *Kingsley v. Hendrickson,* 744 F.3d 443, 449 (7th Cir. 2014). In evaluating such claims, the Court "must ask whether a particular action was taken for the purpose of punishment or whether it is but an incident of some other legitimate governmental

purpose." *Id.*; *see also Duran v. Elrod,* 760 F.2d 756, 759 (7th Cir. 1985) ("The conditions of imprisonment, whether of pretrial detainees or of convicted criminals, do not reach even the threshold of constitutional concern until a showing is made of 'genuine privations and hardship over an extended period of time.'") (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979)).

Rodmaker alleges that he was not given dinner the first night he was incarcerated and he was denied extra food on one occasion. Jails have an obligation to "provid[e] nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir.1985) (internal quotation omitted). The two food incidents alleged involved no immediate danger to Rodman's health nor punishment and therefore do not state a constitutional claim.

Rodmaker contends that state and federal guidelines require bedding to be 8" off the ground, however, sleeping on the floor does not punish a detainee so long as jail officials provide a mattress. *See Mann v. Smith*, 796 F.2d 79, 85 (5th Cir.1986) (Prisoners do not have a constitutional right to elevated beds, and may be required to sleep on mattresses on the floor); *Hamm v. DeKalb County,* 774 F.2d 1567, 1575 (11th Cir. 1985) (no cause of action for having to temporarily sleep on a mattress on the floor due to overcrowding). Short term durations without a mattress do not violate the Constitution. *Ellis v. Hardy,* 2012 WL 5305530 (N.D. Ill. Oct. 25, 2012) (citing cases). For the above reasons, **claims I, II, and III are dismissed for failure to state a claim upon which relief can be granted.**

To the extent Rodmaker alleges he was subjected to improper shakedowns conducted by Lt. Guy Garmagalia, Officer Daily, and Officer McAninch, the Supreme Court has held that the Fourth Amendment protection against unreasonable searches does not extend into the prison cell.

*Hudson v. Palmer,* 468 U.S. 517, 525-28 (1984). The "close and continual surveillance of inmates and their cells [is] required to ensure institutional security and internal order." *Id.* at 527-28. Just because Rodmaker was not in the possession of contraband does not give him the right to be free from cell searches. Rodmaker's challenge to the shakedowns in **claim IV is dismissed for failure to state a claim upon which relief can be granted.**

Rodmaker alleges that he was not provided adequate medical care. "The Due Process Clause of the Fourteenth Amendment prohibits deliberate indifference to the serious medical needs of pretrial detainees." *Pittman ex rel. Hamilton v. County of Madison, Ill.,* 746 F3d. 766, 775 (7th Cir. 2014) (internal quotation omitted). "[T]he Due Process Clause does not protect a detainee from the negligence or even the gross negligence of prison medical personnel." *Id.* at 778. Rodmaker does not allege facts sufficient to support a claim of deliberate indifference to a serious medical need on the part of any particular individual. In addition, in this case, any claim for denial of medical care is improperly joined and, if intended, should be brought in a separate action. Rule 20 of the *Federal Rules of Civil Procedure* allows joinder of multiple defendants only when 1) the allegations against them involve the same transaction or occurrence and, 2) common questions of fact and law will arise as to all defendants. Rule 20 of the *Federal Rules of Civil Procedure. See also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits …."). The complaint does not state a claim of deliberate indifference as it relates to **medical care** and thus any such claim is **dismissed for failure to state a claim upon which relief can be granted.**

Rodmaker's only allegation against Sgt. Steven Creech is that Sgt. Creech was the transporting officer between the hospital and the DCLEC. Rodmaker's only allegation concerning Officer Josh Bauer is that Officer Bauer moved Rodmaker from one cell to another

on July 8. These allegations do not state any constitutional violation as to Sgt. Creech or Officer Bauer. Similarly, Rodmaker does not even mention, much less allege any wrongdoing on the part of, Sheriff Kreinhop, Captain David Hall, Officer Jerry Kinnette, Officer Douglas Kinnette, and Corp. John Winkler. Without personal liability, there can be no recovery under 42 U.S.C. ' 1983. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) (ASection 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.") (internal citation omitted). "It is well established that there is no *respondeat superior* liability under § 1983." *Gayton v. McCoy,* 593 F.3d 610, 622 (7th Cir. 2010). Accordingly, any claims against **defendants Sheriff Kreinhop, Sgt. Steven Creech, Captain David Hall, Officer Jerry Kinnette, Officer Douglas Kinnette, Corp. John Winkler, and Corp. Josh Bauer are dismissed for failure to state a claim upon which relief can be granted.**

### C. Relief Sought

A civil rights action is the appropriate vehicle to seek monetary damages, but a writ of habeas corpus is the exclusive remedy to challenge the fact or duration of confinement and the Court is not at liberty to convert any portion of an action to a claim for habeas corpus relief. *Moore v. Pemberton,* 110 F.3d 22 (7th Cir. 1997); *Copus v. City of Edgerton,* 96 F.3d 1038 (7th Cir. 1996). Rodmaker's request to be released from jail is certainly a challenge to either the fact or duration of his confinement. Accordingly, that challenge is dismissed without prejudice.

In addition, the Court has no jurisdiction over domestic matters such as child custody, and therefore, Rodmaker's request to have his children returned to him is a matter reserved to state courts, not federal. His request for this relief is dismissed without prejudice.

Rodmaker's request to be "made whole" is too vague to state a request for relief.

## IV. Further Proceedings

For the reasons explained above, the complaint fails to state a claim upon which relief can be granted and must therefore be **dismissed**. The dismissal of the complaint will not lead to the dismissal of the action at this time. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024 (7th Cir. 2013) ("IFP applicants whose complaints are dismissed pursuant to a section 1915 screening for failure to state a claim should be granted leave to amend at least once in all cases in which Rule 15(a) would permit leave to amend.").

Rodmaker shall have **through August 25, 2014,** in which **to file an amended complaint** that states a viable claim for relief in light of the deficiencies noted in Part III of this Entry, if he chooses to do so.

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," (b) the amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances, (c) the amended complaint must identify what legal injury he claims to have suffered and which individuals are responsible for each such legal injury, and (d) the amended complaint shall contain a clear statement of the relief that is sought.

The amended complaint shall have the words "amended complaint" and the proper case number, 4:14-cv-070-TWP-TAB, on the front page. Rodmaker shall also report his current address in any future filings.

If an amended complaint is filed as directed, the Court will screen it as required by 28

U.S.C. ' 1915A. If no amended complaint is filed, the action will be dismissed in its entirety for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

Date: 07/23/2014

*[signature: Tanya Walton Pratt]*

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Kenneth J. Rodmaker
8945 Moody Road
Moores Hill, IN  47032