# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | |
|---|---|
| KENNETH J. RODMAKER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:14-cv-070-TWP-TAB |
| ) | |
| MICHAEL R. KRIENHOP, Sheriff of ) | |
| Dearborn County, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Dismissing Amended Complaint and Directing Entry of Final Judgment**

Plaintiff Kenneth Rodmaker ("Mr. Rodmaker") is a pretrial detainee at the Dearborn County Law Enforcement Center ("DCLEC"). On July 14, 2014, Mr. Rodmaker filed a 42 U.S.C. ' 1983 civil rights complaint. (Dkt. No. 1). The Court "screened" the complaint pursuant to 28 U.S.C. ' 1915A and dismissed it for failure to state a claim upon which relief can be granted. (*See* Dkt. No. 5). The Court gave Mr. Rodmaker an opportunity to file an amended complaint that cured the deficiencies noted in the screening Entry.

On August 28, 2014, Mr. Rodmaker filed an amended complaint (Dkt. No. 8). The amended complaint, however, does not attempt to cure deficiencies noted in the first complaint. Rather, entirely different claims are asserted. Nonetheless, the Court will screen the amended complaint. As stated in the earlier ruling, because Mr. Rodmaker was considered a "prisoner," during his status as a pretrial detainee, as defined by 28 U.S.C. ' 1915(h), the amended complaint, is subject to screening pursuant to 28 U.S.C. 1915A(b). The amended complaint lists three

defendants in the caption:[1] 1) Sheriff Michael R. Kreinhop; 2 Gaylord Hartsburg; and 3) Brent Janson.[2]

In Claim I, Mr. Rodmaker alleges that unnamed DCLEC and Indiana State Police officers made false affidavits and poor investigations in violation of his rights to privacy and due process. As Claim II, Mr. Rodmaker alleges that prosecuting attorneys had warrants issued under false pretense, in violation of his due process rights. Claim III alleges that the 7th Judicial Court of Indiana has allowed his children to be moved illegally out of state and did not uphold the parenting time guidelines. For relief, he seeks millions of dollars in compensatory damages.

Claims I and II allege deficiencies in pretrial criminal proceedings. Mr. Rodmaker alleges that there has been an attempt to suppress evidence of crimes against him, false affidavits, and poor investigation. The amended complaint, however, does not allege that any of the three defendants participated in any conduct that violated his constitutional rights. As discussed in the screening Entry of July 23, 2014, without personal liability, there can be no recovery under 42 U.S.C. ' 1983. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009). To the extent Mr. Rodmaker attempts to bring a manufactured evidence malicious prosecution claim, such claim would be premature because it would not accrue until the criminal proceeding ends in his favor. *Julian v. Hanna,* 732 F.3d 842, 845 (7th Cir. 2013).

---

[1] Page 3 of the amended complaint is section A. Parties, with a list of numerous individuals, which Mr. Rodmaker identifies as "subsidiary defendants to be filed against at later date." This list is disregarded for purposes of the amended complaint as it is not intended to list defendants in this action.

[2] The 108 pages of documents attached to the complaint were not considered because such attachments can be "stricken without bothering to read." *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013). The 14 page request for investigation and 14 page petition for preliminary injunction filed in the Dearborn Circuit Court were reviewed simply for context but are not properly part of the amended complaint.

In addition, Mr. Rodmaker's allegation that "prosecuting attorneys of the 7th Judicial Courts" issued warrants under false pretenses fails to state a claim upon which relief can be granted because prosecuting attorneys are absolutely immune from claims for damages for activities which are "intimately associated" with the judicial process such as initiating and pursuing a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *see also Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012) ("A prosecutor is absolutely immune from suit for all actions and decisions undertaken in furtherance of his prosecutorial duties.").

As to Claim III, Mr. Rodmaker alleges facts having to do with the custody of his children. This Court lacks jurisdiction over such issues because domestic relations disputes involving divorce, alimony or child custody are the responsibility of state courts, not federal courts. *Ankenbrandt v. Richards,* 504 U.S. 689, 703-04 (1992).

The amended complaint fails to state a claim upon which relief can be granted. Because this is Mr. Rodmaker's second failed attempt to state a claim, the action will now be dismissed pursuant to 28 U.S.C. ' 1915A.

The clerk shall **update the docket** to reflect Mr. Rodmaker's address at the Dearborn County Law Enforcement Center. Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 9/19/2014

*[Signature]*
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Kenneth J. Rodmaker
Dearborn County Law Enforcement Center
Inmate Mail/Parcels
301 W. High Street
Lawrenceburg, IN 47025

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.